NELLIE FAY, Respondent, v. HUDSON NAVIGATION COMPANY, Appellant.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on the 8th day of April, 1915, on verdict, and also from an order, entered on the 7th day of May, 1915, denying a motion for a new trial.

PER CURIAM: The finding that the defendant was negligent is not sustained by the evidence. The judgment and order appealed from are, therefore, reversed and a new trial ordered, with costs to appellant to abide event, and the finding that the defendant was negligent is reversed. · Present — Ingraham, P. J., McLaughlin, Laughlin, Scott and Dowling, JJ. Judgment and order reversed and new trial ordered, with costs to appellant to abide event, and finding that the defendant was guilty of negligence reversed.

———

THOMAS A. NEVINS, Respondent, v. AUGUST HECKSCHER and PERCY N. FURBER, Appellants.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on the 18th day of August, 1914.

Judgment affirmed, with costs, on the opinion of the referee. Present — Ingraham, P. J., McLaughlin, Laughlin, Clarke and Scott, JJ.

The following is the opinion of the referee:

CHARLES F. BROWN, Referee: The controlling question in this case is whether the plaintiff withdrew from the enterprise into which he had entered with the defendants by his letter of January 23, 1906. In my opinion he did not. That letter plainly refers to the Hidalgo Railroad enterprise. It is that enterprise which is referred to as the "whole transaction." That the plaintiff did not withdraw or intend to withdraw from the efforts the parties were making of having some means of transportation of the oil produced on the property of the oil fields of the Mexico com-

pany is clear from the events which occurred subsequent to that letter. On January 3, 1906, the corporation passed a resolution to issue 6,500 shares of stock to August Heckscher and Thomas A. Nevins and their associates, hereinafter called the "Syndicate," "as soon as regular railway service is in actual operation connecting Mexico City with the Company's property at Furbero." On November 14, 1906, upon the report of Mr. Nevins, the board of directors modified that resolution by reducing the number of shares of stock to be issued to 3,250. The action of the directors was approved by the stockholders on December 18, 1906. In the letter signed by Mr. Nevins addressed to the board of directors he refers to a syndicate composed of "Mr. August Heckscher, myself and our associates," and refers to the efforts made by the syndicate after January, 1906, to induce the Mexican National System to construct a railroad to the oil fields, and says: "We will accept as in full settlement for our services and disbursements in the matter of the proposed railway 3,250 shares of your company's stock." Nevins, Heckscher and Furber appear to have been at the directors' meeting and were recorded as not voting by reason of their interest in the subject-matter. In the resolutions adopted by the stockholders on December 18, 1906, the president of the company was authorized to issue 3,250 shares of stock to "August Heckscher and Thomas A. Nevins and their associates." All this was nearly a year after the letter of January 23, 1906, and is inconsistent with the idea that Nevins had by that letter withdrawn from the syndicate and surrendered his right to participate in any awards which the company might make to the syndicate for its labors. Thus the matter stood until about the time when Furber paid off the advances which had been made by Nevins. On May 5, 1908, the company voted to deliver to "August Heckscher and his associates in full settlement of their services and disbursements incident to the proper construction of railway connection between Furbero and the City of Mexico and in the negotiation of a certain contract dated December 4, 1907, between the corporation and S. Pearson & Son, Ltd.," 1,750 shares of stock. The delivery of the 1,750 shares of stock was for past services and Nevins was clearly entitled to his share thereof. I find that Palmer did not buy out Nevins' share in the syndicate. It seems to me wholly inconsistent with such a transaction that Furber should appropriate $5,000 of the money received from Palmer and give his individual note for that amount to Nevins. I also find that the original agreement between Nevins and Furber was that Furber would repay Nevins for the advances which he made. This view of the testimony is the only one consistent with the repeated demands made by Nevins upon Furber for repayment of the money which he had advanced, and it does not appear at any time that Furber denied his liability. I find, therefore, that Nevins is entitled to receive from the defendants 583⅓ shares of the stock of the Oil Fields of Mexico Company. There is no necessity for an accounting, as it is conceded that the company delivered 1,750 shares of the stock to the defendants. There is no proof, however, of the value of the stock. The decree must provide, therefore, that if the defendants fail to deliver 583⅓ shares of the stock to the plaintiff within twenty days after the entry of the decree and service upon them of a copy

thereof the plaintiff may apply for leave to give proof as to the value of the stock. Either party may present to me requests to find within twenty days from this date.